FILED
COURT OF APPEALS
DIVISION II

2013 JUN -4 AM 8: 55

STATE OF WASHINGTON

BY
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| HUNTER CREST TWIN OAKS, LLC, | No. 39168-6-II |
| Appellant, | |
| v. | |
| WASHINGTON MUTUAL BANK, | |
| Respondent, | UNPUBLISHED OPINION |
| JP MORGAN CHASE BANK, N.A., | |
| Intervenor. | |

JOHANSON, A.C.J. — Hunter Crest Twin Oaks, LLC (LLC) appeals from cross summary judgment motions. The trial court denied the LLC's summary judgment motion and granted JP Morgan Chase[1] summary judgment, finding that a deed of trust between the LLC's managing member, Daniel Hunter, and the Bank created a valid lien on the LLC's property. The LLC appeals, claiming that (1) Hunter did not validly encumber the LLC's property for his personal line of credit; (2) the trial court should not have retroactively reformed the deed; and (3) if the trial court reformed the deed, the failure to join necessary parties to the suit precluded trial court action. We reverse the grant of summary judgment in the Bank's favor as well as the denial of summary judgment in the LLC's favor because no genuine disputes of material fact exist

---

[1] Hunter initially obtained the loan from Washington Mutual Bank. JP Morgan Chase intervened as Washington Mutual's assignee after Washington Mutual went into receivership. For clarity, we refer to the defendant/respondent as the "Bank."

regarding the purpose of Hunter's personal line of credit or Hunter's lack of authority to encumber LLC property to secure his personal line of credit. We do not reach the LLC's remaining claims.

## FACTS

On August 11, 2006, Dean and Daniel[2] Hunter formed the LLC for the purpose of developing property. Later that month, the LLC used Dean's money to purchase a Lakewood property where they intended to remodel an existing house and build a second residence. Daniel managed the project and handled the LLC's finances while Dean maintained a hands-off approach. Under the LLC's business arrangement, Daniel would receive 40 percent of the profits from the LLC project, and Dean would receive 60 percent.

In January 2007, unbeknownst to Dean, Daniel obtained from the Bank a $193,000 personal line of credit secured by the LLC's Lakewood property through a deed of trust. Daniel expressed to the Bank in a property affidavit and agreement that he, alone, held title to the property. Daniel again represented in the deed of trust, signed January 26, that he owned the property personally; and, he did not sign the deed of trust as the LLC's managing member. On February 2, after Daniel obtained the loan, a title report was ordered from Puget Sound Title; this title report confirmed that the property title was vested in the LLC. On February 22, the Bank recorded the deed of trust, which listed Daniel Hunter as the grantor; but the attached legal description of the property listed the LLC as the property owner. This legal description was not included with the deed until after the loan closed. In August 2007, after falling ill, Daniel resigned his LLC membership, describing himself as "managing member" and Dean as "equity

---

[2] For clarity we use Dean and Daniel Hunter's first names and intend no disrespect.

contributing member." Clerk's Papers (CP) at 25. Daniel died of cancer in October 2007, and Dean became the LLC's sole member. Dean recruited attorney Douglas Hales to become an LLC manager, and Hales and Raban Construction Services advanced to the LLC $140,000 and $100,000, respectively, each secured by a deed of trust granted by the LLC.[3]

Following Daniel's death, Dean gathered Daniel's financial records and learned that Daniel had borrowed money from several sources—including the Bank—for personal expenses. Dean stated in his deposition that if Daniel used any of the Bank loan for LLC purposes, those funds constituted part of Daniel's personal equity contributions to the project. The LLC also found the Puget Sound Title Company title report in Daniel's files listing the LLC as the property owner, not Daniel.

Daniel did not repay the Bank loan, and in April 2008, the LLC sued the Bank, seeking to quiet title to the Lakewood property. The LLC asserted that although the deed of trust named Daniel as grantor, Daniel had never owned the property—the LLC owned it. The LLC asserted that it was entitled to judgment declaring that the deed of trust did not effectively convey any interest in the property to the Bank.

The Bank sought summary judgment (1) under the agency theory that Daniel, as managing member, had authority to encumber the LLC's property; (2) under equitable theories of estoppel, laches, waiver, and acquiescence, that the LLC consented to the loan and may not now contest its validity; or (3) under the theory that if the trial court did not grant summary

---

[3] Though it is unclear when the LLC learned of the Bank's encumbrance on its property, it appears that the LLC discovered it during Hales's transition to manager.

judgment on agency or equity grounds, it should retroactively reform the deed to reflect that Daniel encumbered the LLC's property as its agent.

The Bank argued that Daniel, as managing member, maintained authority to encumber the LLC's property. It claimed Daniel obtained the loan to further the LLC's project goals and that the LLC "knew that the property was being used as security when the loan was made. It used the loan proceeds," and, "The loan proceeds in the present case were used to improve the LLC's property." CP at 242, 243. The Bank also argued that equitable considerations—estoppel, laches, waiver, and acquiescence—precluded the LLC's claims because the LLC knew and consented to the loan. It asserted that because Daniel, the managing member, obtained the loan, the LLC knew and consented, so these equitable theories precluded the LLC's claims.

Alternatively, the Bank argued that the trial court should have retroactively reformed the deed because the deed provided that adjustments could be made to the agreement "*if deemed necessary or desirable in the reasonable discretion of the Bank*" and for equitable reasons. CP at 247. It asserted that because the LLC knew and consented to Daniel's obtaining the loan using LLC property as security, it would be equitable to reform the "clerical error" in the deed to reflect that Daniel obtained the loan as the LLC's managing member. CP at 247. The Bank, however, did not support these arguments with evidence.

The LLC responded to the Bank's summary judgment motion, claiming that the LLC was not a party to the deed and received no funds. It also asserted that the LLC never consented to Daniel using its property to obtain a loan and that Daniel did not represent to the Bank that he sought the loan on the LLC's behalf. The LLC offered Dean's declaration, which stated that Daniel used the Bank's funds for personal expenses; and, if any funds from the Bank were used

on the LLC project, Daniel used them as a personal equity contribution. The LLC also cited the deposition of John Garcia, the Bank's agent, who stated that nothing in Daniel's loan file indicated that Daniel sought a loan on the LLC's behalf; and, had Daniel represented that he sought the loan on the LLC's behalf, the Bank would have required that Daniel provide documentation from the LLC confirming that he had authority to obtain the loan.

The LLC argued that the trial court should not reform the deed of trust because any error in the deed was substantive, not clerical. And any attempt to reform the deed to reflect that Daniel obtained the loan on the LLC's behalf would be inequitable because the Bank never intended to bind the LLC in making the loan, and Daniel lacked authority to encumber the LLC's property.

The LLC also countered with its own summary judgment motion, claiming that Daniel, individually, lacked authority to encumber the LLC's property, and that the trial court should not reform the deed to make the LLC the grantor. The LLC's summary judgment motion relied on Dean's declaration, which explained that Daniel used the loan for personal expenses. Also, Dean explained that, as the LLC's lone member after Daniel's death, he attempted to access Daniel's personal line of credit from the Bank, and the Bank denied him access to the loan documents.

The trial court denied the LLC's summary judgment motion without explanation. After considering the motions and the declarations and exhibits, the trial court granted summary judgment to the Bank. The trial court did not explain under which theory it granted summary judgment; however, it stated that the deed of trust was a "valid first position lien on the property." CP at 449. Its written order made no mention of reforming the deed. The trial court

awarded the Bank attorney fees. The LLC appeals the trial court's orders denying the LLC's summary judgment motion and granting summary judgment to the Bank.

## ANALYSIS

### I. AUTHORITY TO ENCUMBER PROPERTY

The LLC argues that the trial court erred in granting summary judgment to the Bank because Daniel did not execute the deed of trust as the LLC's agent but, instead, individually. Therefore, the LLC argues, the deed of trust did not validly encumber the LLC's property. We agree and hold that the trial court erred as a matter of law in granting summary judgment to the Bank, and it also erred in denying the LLC's summary judgment motion because no genuine issues of material fact exist challenging Daniel's lack of authority to encumber the LLC's property as security for a personal line of credit.

We review summary judgment orders de novo. *Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). Trial courts properly grant summary judgment where the pleadings and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Questions of fact may be determined on summary judgment as a matter of law only where reasonable minds could reach but one conclusion. *Alexander v. County of Walla Walla*, 84 Wn. App. 687, 692, 929 P.2d 1182 (1997). When reviewing a grant of summary judgment, we consider solely the issues and evidence the parties called to the trial court's attention on motion for summary judgment. RAP 9.12.

The management of an LLC's business or affairs shall be vested in its members unless the formation certificate vests it in a manager.[4] RCW 25.15.150(1)(a). Each LLC member is an LLC agent for the purpose of LLC business, and the act of any member for carrying on in the LLC's usual business binds the LLC unless the member has no authority to act for the LLC in that particular matter. RCW 25.15.150(1)(b). Actual authority may be express or implied. *King v. Riveland*, 125 Wn.2d 500, 507, 886 P.2d 160 (1994). Implied actual authority depends on objective manifestations from the principal to the agent. *King*, 125 Wn.2d at 507. An agent acting with actual authority binds the principal. *Blake Sand & Gravel, Inc. v. Saxon*, 98 Wn. App. 218, 223, 989 P.2d 1178 (1999).

Generally, every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized to take acknowledgements of deeds. RCW 64.04.020. And under RCW 25.15.150(1), LLC members are LLC agents for business purposes, and any member carrying on in the LLC's business binds the LLC unless the member lacks authority to act.

Accordingly, if Daniel, the LLC's managing member, obtained the loan for LLC purposes, then he had authority to use LLC property to secure the loan, even if he did not sign the documents as the LLC's managing member. The record, however, does not support a conclusion that Daniel obtained the loan on the LLC's behalf. To the contrary, there is only evidence that Daniel obtained a personal line of credit and not a business loan.

---

[4] The LLC's formation certificate did not vest management duties in a manager; so, LLC members shared management duties. *See* RCW 25.15.150(1)(a). Evidence supports Daniel's role as manager because both Dean and Daniel considered Daniel the manager.

At the trial court, the LLC claimed that Daniel did not sign the deed on the LLC's behalf as its managing member, nor did he pursue the loan for LLC purposes. The Bank disagreed, asserting that Daniel obtained the loan on the LLC's behalf for LLC purposes. But the Bank did not provide evidence to support its claim, and though the Bank ultimately persuaded the trial court, the record does not support the Bank's argument.

In contrast to the Bank's assertion, Michael Koon, a research support analyst at the Bank, provided in an affidavit that Daniel represented to the Bank that he alone owned the property. Also, Dean's declaration stated that Daniel used the loan funds for personal expenses, and if he used *any* loan money for the LLC, it was a personal equity contribution. Moreover, Garcia testified in a deposition that nothing in the loan file indicated that Daniel entered into the loan on the LLC's behalf; and, had Daniel represented that he sought the loan on the LLC's behalf, the Bank would have required that Daniel provide documentation from the LLC confirming that he had authority to obtain the loan.[5]

Here, the trial court erred in concluding that Daniel maintained authority to encumber LLC property in this transaction because there is no evidence that Daniel secured the loan for the LLC's purposes; Daniel could have only encumbered the LLC property as its agent had he encumbered the LLC property while acting within the scope of his duties as an LLC managing member. At the time of the loan, Daniel represented to the Bank that he, alone, owned the

---

[5] The Bank cites *Clearwater v. Skyline Construction Company*, 67 Wn. App. 305, 835 P.2d 257 (1992), *review denied*, 121 Wn.2d 1005 (1993), for the proposition that a court need not invalidate a contract under RCW 64.04.020 simply because the contract did not reflect the signing party's capacity. *Clearwater* is not instructive, though, because *Clearwater* involved a sole shareholder signing documents in a personal capacity, whereas here, Daniel was not a sole shareholder. He maintained just a 40 percent stake in the LLC.

property; and the loan documentation reflects the Bank's intent to provide Daniel a personal loan secured by what it believed was Daniel's property.[6] Dean declared that Daniel used the loan for personal expenses. And Garcia acknowledged that no evidence in the loan file suggested that the loan was for LLC business purposes. Finally, the LLC did not discover that Daniel's loan was secured by LLC's property until after Daniel's death. Thus, the trial court erred in denying summary judgment to the LLC and granting it to the Bank because no genuine disputes of material facts exist concerning the purpose of the personal line of credit or whether the LLC knew and/or consented to Daniel pursuing a personal line of credit secured by the LLC's property.

## II. Equitable Relief

Alternatively, the Bank responds that estoppel, laches, waiver, or acquiescence prevents the LLC from challenging the deed's validity because the LLC knew of the loan and benefitted from it. But there is no evidence that the LLC knew of the loan or that the LLC benefited from it. Because these equitable remedies rest on the Bank's incorrect argument that Daniel's knowledge is imputed to the LLC, and that accordingly, he encumbered the LLC's property when he took out his personal line of credit—though Dean was unaware of the details of the loan until after Daniel's death—we reject these theories.

---

[6] The Bank's own declaration stated that the deed of trust Daniel signed did not include the attachment revealing the LLC's ownership of the encumbered property until after the loan had closed.

### III. ATTORNEY FEES

The LLC asserts that if we reverse the trial court's summary judgment order, we should also reverse the trial court's attorney fees award. The Bank seeks attorney fees under the deed of trust and RAP 18.1.[7]

The deed of trust states that the grantor shall pay reasonable attorney fees in any lawsuit or other proceeding involving the prosecution or defense to protect the deed of trust lien. Because we reverse the trial court, the deed is invalid as it applies to the LLC, and the LLC, as the prevailing party, is not liable for attorney fees to the Bank under the deed or RAP 18.1. Accordingly, we reverse the trial court's award of attorney fees.

We reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Quinn-Brintnall, J.

Bjÿrgen, J.

---

[7] The LLC does not seek attorney fees on appeal.